UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>**THE COLONIAL BANCGROUP, INC.,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 09-32303 (DHW)** |
| **THE COLONIAL BANCGROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,**<br><br>Defendant. | **Case No. 2:10-cv-0409 (MHT)** |

### RESPONSE OF THE FDIC-RECEIVER TO DEBTOR'S AMENDED AND RESTATED OBJECTION TO BANKRUPTCY PROOF OF CLAIM

The Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully submits this response to the amended and restated objection of the debtor The Colonial BancGroup, Inc. (the "Debtor" or "BancGroup") to the FDIC-Receiver's protective proof of claim in the Debtor's chapter 11 bankruptcy case that is pending in the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court").

### INTRODUCTION AND SUMMARY

The FDIC-Receiver was appointed the receiver of Colonial Bank by order of the Alabama State Banking Department dated August 14, 2009, and as a result it succeeded by operation of law to all rights, titles, powers and privileges of the failed bank. 12 U.S.C. § 1821(d)(2)(A). BancGroup was the holding company for Colonial Bank and filed for

protection under chapter 11 of the Bankruptcy Code soon after Colonial Bank was closed by its primary regulator.

As the Court is aware, there are a number of legal and factual issues in dispute between the FDIC-Receiver and BancGroup, and those disputes are the subject of multiple proceedings in this Court and in the Bankruptcy Court. Most notably, for purposes of this submission, is BancGroup's action in this Court seeking a *de novo* judicial determination of its disallowed claims against the Colonial Bank receivership, which was filed on March 5, 2010 pursuant to the Federal Deposit Insurance Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). *See Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0198 (MHT) (M.D. Ala.) (the "FIRREA Action").

BancGroup's complaint in the FIRREA Action asserts claims against the FDIC-Receiver on a number of issues. The FDIC-Receiver moved to withdraw the reference with respect to BancGroup's objection to the FDIC-Receiver's protective bankruptcy proof of claim because the issues raised by that objection substantially overlap those at issue in the FIRREA Action and because FIRREA establishes this Court's exclusive jurisdiction to determine those issues. *See* 12 U.S.C. § 1821(d)(13)(D). For similar reasons, all proceedings with respect to the amended and restated objection to the FDIC-Receiver's proof of claim should be stayed until the FIRREA Action has been litigated to conclusion, at which time the parties and the Court will be able to determine whether any issues remain to be decided.

In the alternative, a schedule should be established to provide for coordinated proceedings with respect to both the FIRREA Action and the amended and restated objection to the FDIC-Receiver's proof of claim. The FDIC-Receiver respectfully requests the opportunity to conduct such discovery before responding further to BancGroup's objection.

## BACKGROUND

### A. The Parties

BancGroup is a Delaware corporation that had its headquarters in Montgomery, Alabama. It was the parent corporation of Colonial Bank and certain non-bank subsidiaries. By order of the Alabama State Banking Department dated August 14, 2009, Colonial Bank was closed and the FDIC-Receiver was appointed its receiver.

By operation of law, upon its appointment the FDIC-Receiver succeeded to the rights, titles, powers and privileges of Colonial Bank, 12 U.S.C. § 1821(d)(2)(A), and it is empowered, among other things, to take over the assets of and operate that institution, collect all obligations and money due the institution, preserve and conserve the assets and property of the institution and place the institution in liquidation and proceed to realize upon its assets, 12 U.S.C. §§ 1821(d)(2)(D), (E). The FDIC-Receiver entered into a purchase and assumption agreement dated as of August 14, 2009 with Branch Banking & Trust Co. ("BB&T") under which BB&T purchased certain assets and assumed certain liabilities of Colonial Bank, including deposit liabilities.

On August 25, 2009, BancGroup filed a petition in the Bankruptcy Court under chapter 11 of the Bankruptcy Code. BancGroup alleges that it continues to manage its business affairs as debtor in possession, but BancGroup is not now engaged in any active business and has acknowledged that it intends to liquidate whatever assets remain in its bankruptcy estate.

### B. The Proofs of Claim

The clerk of the Bankruptcy Court established November 30, 2009 as the deadline for filing proofs of claim in BancGroup's chapter 11 case by creditors other than governmental

3

units.[1]  [Bankruptcy Doc. No. 5].  On November 30, 2009, the FDIC-Receiver timely filed a protective proof of claim in BancGroup's chapter 11 case, which it properly amended on February 19, 2010.  The proof of claim included the following jurisdictional reservation:

> 5.  This proof of claim is being filed in order to avoid any contention that the FDIC-Receiver somehow has waived any rights it may have that may conflict with claims to ownership that may be asserted by the Debtor.  Under 12 U.S.C. § 1821(d)(13)(D), "no court shall have jurisdiction over" –
>
> > (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> >
> > (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.
>
> 12 U.S.C. § 1821(d)(13)(D).  To the extent any matter set forth by the FDIC-Receiver in this proof of claim falls within the scope of the foregoing, the United States Bankruptcy Court for the Middle District of Alabama does not have jurisdiction.  Instead, subject matter jurisdiction is limited to the United States District Courts for the Middle District of Alabama or for the District of Columbia in the manner provided for in 12 U.S.C. § 1821(d)(6)(A).  Further, under 12 U.S.C. § 1821(j), "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or receiver."  This limitation includes the bankruptcy courts.
>
> 6.  A defense of lack of subject matter jurisdiction cannot be waived, and the FDIC-Receiver expressly reserves that defense as to any proceeding with respect to such matters that the Debtor may seek to initiate against it, all of which must be adjudicated in specified district courts and solely to the extent permitted under the provisions of 12 U.S.C. § 1821.  The filing of this proof of claim does not in any way alter this defense to jurisdiction.

FDIC-Receiver Proof of Claim [No. 139] Addendum, ¶¶ 5-6.

---

[1] Under 11 U.S.C. § 502(a)(9), governmental units such as the FDIC-Receiver are provided 180 days from the petition date to file proofs of claim, and therefore the deadline for these creditors to file a proof of claim was February 22, 2010.

Separately, in accordance with its governing statute, the FDIC-Receiver established November 19, 2009 as the deadline for filing claims with respect to the Colonial Bank receivership. BancGroup alleges that it filed a receivership claim on November 19, 2009. In a letter dated January 6, 2010, the FDIC-Receiver disallowed BancGroup's receivership claim on the ground that the claims asserted therein had not been proven to the satisfaction of the receiver.[2]

FIRREA permits a claimant whose receivership claim has been disallowed to file an action in one of two specified federal district courts seeking a judicial determination of that disallowed claim. *See* 12 U.S.C. § 1821(d)(6)(A). Such an action must be filed no later than 60 days after the date of the disallowance, and it only can be filed in the federal district court for the District of Columbia or for the district in which the failed bank had its principal place of business, which in the case of Colonial Bank is this Court. *Id.*

On March 5, 2010, BancGroup filed its complaint against the FDIC-Receiver in this Court in the FIRREA Action. Before doing so, however, on March 4th and 5th, BancGroup made a series of filings in the Bankruptcy Court in an attempt to preemptively lodge jurisdiction over the parties' disputes in that court rather than in this Court.

Among these others filings was BancGroup's objection to the FDIC-Receiver's proof of claim, which was largely conclusory and merely recited that BancGroup disputed the FDIC-Receiver's various claims. Putatively in support of that objection, BancGroup submitted a

---

[2] Under 12 U.S.C. § 1821(d)(5)(D), "[t]he receiver may disallow any portion of any claim by a creditor or claim of security, preference or priority which is not proved to the satisfaction of the receiver."

declaration from its chief restructuring officer, Kevin O'Halloran, which in large part essentially recited the allegations from the complaint that it soon thereafter filed in the FIRREA Action.[3]

### C.     Withdrawal of the Reference

On March 31, 2010, the FDIC-Receiver filed a motion for this Court to withdraw the reference with respect to all of the related matters that had been filed by BancGroup against the FDIC-Receiver in the Bankruptcy Court because, among other things, those matters raised issues that also were raised in the FIRREA Action and only this Court had subject matter jurisdiction over those disputes. Ultimately, BancGroup agreed to withdrawal of the reference with respect to the Declaratory Judgment Action, a separate adversary proceeding that BancGroup had filed earlier against the FDIC-Receiver, styled *Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 09-3087 (DHW) (Bankr. M.D. Ala.), as withdrawn, No. 2:10-cv-0411 (MHT) (M.D. Ala.) (the "Fraudulent Transfer Action") and as to BancGroup's objection to the FDIC-Receiver's bankruptcy proof of claim.[4]

### D.     This Objection

On May 28, 2010, BancGroup filed its amended and restated objection to the FDIC-Receiver's proof of claim. [Doc. No. 12]  As was the case with its original objection, the amended and restated objection merely disputes, in cursory fashion, the claims set forth in the

---

[3] BancGroup also filed two separate declaratory judgment actions in the Bankruptcy Court. In the first, filed on March 4, 2010, it sought declarations that certain tax refunds, insurance policy proceeds and other personal property were property of its bankruptcy estate. *See Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 10-3018 (DHW) (Bankr. M.D. Ala.), as withdrawn, No. 2:10-cv-0410 (MHT) (M.D.Ala.) (the "Declaratory Judgment Action"). In the second of these adversary proceedings, filed on March 5, 2010, it sought declaratory relief regarding the ownership as between itself and the FDIC-Receiver certain real property and improvements located in Orlando, Florida. *See Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 10-3019 (DHW) (Bankr. M.D. Ala.) (the "Garland Road Action").

[4] All proceedings in the Fraudulent Transfer Action later were stayed by order of this Court.

proof of claim. Purportedly in support of this objection, BancGroup submitted an amended and restated declaration of its chief restructuring officer, Mr. O'Halloran. [Doc. No. 12, Exh. 1]. In large measure, the amended and restated O'Halloran declaration merely recites allegations that also were set forth in an amended complaint that was filed by BancGroup the same day in the FIRREA Action.

Concurrently with this response to BancGroup's amended and restated objection, the FDIC-Receiver is serving and filing an answer to BancGroup's amended complaint in the FIRREA Action. It also is serving and filing a motion to dismiss the amended complaint in BancGroup's Declaratory Judgment Action for lack of subject matter jurisdiction.

## APPLICABLE LEGAL STANDARD

Under federal bankruptcy law, a proof of claim is *prima facie* evidence of the claim's validity and amount, and the burden is on the debtor to object to any claim that it disputes which otherwise will be deemed to be allowed. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f); *see Simpson v. PRA Receivables Mgmt LLC (In re Simpson)*, Adv. Proc. No. 08-00137, 2008 WL 4216317, No. 08-00137, at *2 (Bankr. N.D. Ala. Aug. 29, 2008). A party objecting to a proof of claim must produce evidence sufficient to negate the *prima facie* validity of the filed claim. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Affirmative proof must be offered to overcome the presumed validity of the claim. *In re Chambliss*, 315 B.R. 166, 169 (Bankr. S.D. Ga. 2004).

"[P]roofs of claim have been held analogous to complaints initiating civil actions; an objection to a claim should therefore meet the standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses." COLLIER ON BANKRUPTCY ¶ 3007.01 (2010).

In fact, the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama require that "[o]bjections to claims shall state with particularity their grounds and relief sought."  Local Bankruptcy Rule 3007-1(a).

If the objecting party fails to offer sufficient evidence to overcome the evidentiary effect of a properly filed proof of claim, the objection will be denied and the claim will be allowed as filed.  *In re James*, 308 B.R. 569, 570-71 (Bankr. S.D. Ala. 2002).  Only if the objecting party presents evidence of equal probative weight will the burden shift back to the claimant, *id.*, who then bears the burden to establish the claim by a preponderance of the evidence, *Allegheny Int'l*, 954 F.2d at 174.

## ARGUMENT

### I. PROCEEDINGS WITH RESPECT TO THE OBJECTION SHOULD BE STAYED UNTIL THE FIRREA ACTION HAS BEEN FINALLY ADJUDICATED

The disputes raised by BancGroup's amended and restated objection to the FDIC-Receiver's bankruptcy proof of claim substantially overlap the disputes raised by BancGroup in the FIRREA Action.  These overlapping issues include competing assertions of ownership of potentially significant income tax refunds, claims relating to certain series of REIT preferred securities valued at approximately $300 million, competing claims to proceeds under various insurance policies under which both BancGroup and Colonial Bank are named insureds, and claims challenging various pre-receivership transfers between BancGroup and Colonial Bank.

When it enacted FIRREA, Congress created an exclusive claims process for claims against or relating to failed bank receiverships.  *See Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999); *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1399 (D.C. Cir. 1995); 12 U.S.C. § 1821(d)(3)-(13).  Submission to this receivership claims process is the exclusive remedy for all claims enumerated in section 1821(d)(13)(D), which provides:

> (D)  **Limitation on judicial review**
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over –
>
> (i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii)  any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D); *see Am. First Fed.*, 198 F.3d at 1263.

A person whose receivership claim has been disallowed may pursue an administrative appeal within the FDIC or commence an action in one of two federal district courts – in the district in which the failed bank had its principal place of business or in the District of Columbia – seeking a judicial determination of the disallowed claim. *See* 12 U.S.C. § 1821(d)(6)(A). Other than as thus provided, however, "no court shall have jurisdiction over" a "claim" or "action" that is subject to the jurisdictional bar. 12 U.S.C. § 1821(d)(13)(D). In effect, the jurisdictional bar provision of section 1821(d)(13)(D) works with FIRREA's claims procedures to impose a "statutory exhaustion requirement" that is "explicitly jurisdictional." *Rosa v. R.T.C.*, 938 F.2d 383, 395 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991) (jurisdictional bar applies to bar all claims that are subject to resolution through the exclusive claims process); *see Am. First Fed.*, 198 F.3d at 1263.

In filing its proof of claim in BancGroup's bankruptcy case, the FDIC-Receiver made it clear that it was doing so solely to avoid any claim of waiver and that the jurisdictional limitations of FIRREA continued to apply. BancGroup's objection to that proof of claim merely states that BancGroup disputes the FDIC-Receiver's claim to ownership of various assets, or its other claims, and does not provide any evidence to refute the FDIC-Receiver's claims. Instead,

BancGroup attached to its objection the declaration of Mr. O'Halloran which, in effect, merely recapitulates the allegations in BancGroup's FIRREA complaint. *Compare* Amended O'Halloran Declaration, ¶¶ 13-53 *with* Amended FIRREA Compl., ¶¶ 24-95.

FIRREA limits subject matter jurisdiction over such disputes to actions that have been commenced in accordance with the requirements of 12 U.S.C. § 1821(d). BancGroup's objection, which substantially overlaps the complaint in its FIRREA Action, violates this exclusive jurisdiction. Accordingly, all proceedings with respect to BancGroup's objection to the FDIC-Receiver's bankruptcy proof of claim should be stayed until BancGroup's FIRREA Action has been litigated to conclusion. At that time, the parties and the Court will be able to determine whether any issues remain to be adjudicated between BancGroup and the FDIC-Receiver that have not been resolved in that litigation.

## II.   IN THE ALTERNATIVE, DISCOVERY AND OTHER PROCEEDINGS SHOULD BE COORDINATED WITH THOSE IN THE FIRREA ACTION

In filing its conclusory objection to the FDIC-Receiver's proof of claim, BancGroup has failed to satisfy its burden to provide evidence that rebuts the *prima facie* showing of that claim's validity and amount that arose upon the FDIC-Receiver's filing of the proof of claim. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). In any event, it is clear that the proof of claim raises substantial disputes that are not appropriate for summary disposition. Discovery with respect to the matters raised in the FDIC-Receiver's proof of claim is both necessary and appropriate.

Accordingly, should the Court determine that proceedings should not be stayed in this matter until the FIRREA Action has been litigated to conclusion, then a schedule for discovery and other pre-trial proceedings should be established with respect to the FDIC-Receiver's proof of claim and BancGroup's objection to that proof of claim that is coordinated with the schedule for such proceedings in the FIRREA Action. This will permit the efficient litigation of all of the

parties' disputes and minimize the risk of duplicated effort, delay or unnecessary burden for the parties or the Court.[5]

---

[5] As previously noted, BancGroup's conclusory objection to the FDIC-Receiver's proof of claim does not rebut the *prima facie* showing made in the proof of claim as to its validity or amount under applicable law. *See Allegheny Int'l, Inc.*, 954 F.2d at 173-74. To the extent that the Court determines that some further showing is required from the FDIC-Receiver at this time, however, the FDIC-Receiver respectfully requests the opportunity to provide such a showing, following reasonable discovery, on a schedule and in a manner that the Court concludes to be appropriate.

**CONCLUSION**

For the foregoing reasons, the FDIC-Receiver respectfully requests that all proceedings with respect to BancGroup's amended and restated objection to its proof of claim be stayed until *Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0198 (MHT) (M.D. Ala.), has been litigated to final judgment, or, in the alternative, that discovery and other pre-trial proceedings with respect to the BancGroup objection be coordinated with pre-trial proceedings in its pending FIRREA Action.

Dated:  Montgomery, Alabama
       June 25, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429

Respectfully submitted,

 /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, Alabama  36117
(334) 215-4422

- and -

Thomas R. Califano
John J. Clarke, Jr.
Michael D. Hynes
Spencer Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:     212-335-4500
Facsimile:     212-335-4501

Attorneys for the
 Federal Deposit Insurance Corporation
 as Receiver for Colonial Bank

CERTIFICATE OF SERVICE

     I, Michael A. Fritz, Sr., certify that I have served a copy of the foregoing Response on the following parties by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this the 25th day of June, 2010.


C. Edward Dobbs
Attorney for The Colonial BancGroup, Inc.


                                      /s/ Michael A. Fritz, Sr.
                                      Michael A. Fritz, Sr.