UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

------------------------------------------------------------x
:
In re                                           :         Chapter 11
                                                :
THE COLONIAL BANCGROUP, INC.,   :         Case No.  2:10-cv-00409-MHT-WC
                                                :         (Bankr. Case No. 09-32303 (DHW))
     Debtor.                                    :
                                                :
------------------------------------------------------------x

**DEBTOR'S REPLY TO FDIC-RECEIVER'S RESPONSE TO AMENDED
AND RESTATED OBJECTION TO BANKRUPTCY PROOF OF CLAIM**

THE COLONIAL BANCGROUP, INC. (the "Debtor"), as debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case, hereby replies to the *Response of the FDIC-Receiver to Debtor's Amended and Restated Objection to Bankruptcy Proof of Claim* (the "Response") filed with this Court on June 25, 2010.

In its Response, the FDIC-Receiver requests that this Court either: (a) stay the Debtor's amended and restated objection (the "Objection") to the FDIC-Receiver's "protective" proof of claim filed in the Debtor's Chapter 11 bankruptcy case (the "Proof of Claim") until the resolution of a civil action brought by the Debtor pursuant to the Federal Deposit Insurance Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), styled *The Colonial BancGroup, Inc. v. F.D.I.C.*, Case No. 2:10-cv-00198-MHT-WC (M.D. Ala.) (the "FIRREA Action"); or (b) establish a schedule to provide for coordinated proceedings with respect to the Objection and the FIRREA Action.

The process of allowing and disallowing claims is an essential part of the overall bankruptcy process. COLLIER ON BANKRUPTCY ¶ 502.01 (2010).  The Bankruptcy Code is keyed to allowable claims and only holders of allowed claims may receive distributions in Chapter 7 cases or under confirmed plans in Chapter 11 cases. Id.  Only the holder of allowed claims may vote on Chapter 11 plans under Section 1126 of the Bankruptcy Code. Id.

1575886_4

The concept of allowability of claims is exclusively a bankruptcy concept. Id. The allowability of claims is governed by Section 502 of the Bankruptcy Code and, with few exceptions (such as in the case of personal injury claims), such allowance of claims is within the province of the bankruptcy court to adjudicate, subject to a change of forum through withdrawal of reference as has occurred in this case. The adjudicative procedure to determine allowance of a claim is a "core" proceeding of the bankruptcy court under Section 157(b)(2)(B) of title 28 of the United States Code. The filing of an objection to a proof of claim creates a dispute which is a contested matter. FED. R. BANKR. P. 9014, Advisory Committee Notes. A contested matter is subject to some, but not all, of the rules applicable to an adversary proceeding. See FED. R. BANKR. P. 9014. Adjudication of the issue of whether a claim should be allowed in a bankruptcy case is typically handled on an expedited basis given the significance of the allowance process to the progress of a case and the procedural rules applicable thereto.

After withdrawing this contested matter to this Court, the FDIC-Receiver now seeks to put the Objection in a deep freeze based on an alleged "overlap" of issues with the FIRREA Action. Such a stay is antithetical to the orderly progress of a bankruptcy case and without legal or factual support. While there are facts and legal issues in common between the Objection and the FIRREA Action, this commonality does not justify placing the bankruptcy allowance process on hold and the FDIC-Receiver cites no case where a court has stayed the bankruptcy allowance process based on this "overlap" theory.

Furthermore, the Debtor also disputes the FDIC-Receiver's assertion that the Debtor's Objection to its claim "violates [FIRREA's] exclusive jurisdiction" and somehow deprives this Court and the bankruptcy court of subject matter jurisdiction over the Objection. As previously stated, the subject of allowance of a claim in bankruptcy is a "core" proceeding and at the heart of the bankruptcy process. There is nothing in FIRREA that alters, limits or precludes such jurisdictional grant under this competing federal law. Illustrative of this point is the recent ruling by the United States District Court for the Middle District of Georgia denying a request by the FDIC as receiver to withdraw the reference with respect to a claim allowance matter to that district court and, in so doing, ruling that the bankruptcy court has jurisdiction to hear claims brought by the FDIC as receiver against a Chapter 7 trustee to determine

ownership of certain tax refunds.  Ga. Dep't of Revenue v. Webster (In re Sec. Bank Corp), 2010 U.S. Dist. LEXIS 58401, at *5-6 (M.D. Ga. June 14, 2010).  Accordingly, the Debtor respectfully requests that the FDIC-Receiver's request for a stay of the Objection be denied.

Putting aside any disputes the parties may have on the stay request, however, the Debtor is amenable to coordinating this matter with the FIRREA Action and the Debtor and the FDIC-Receiver are currently in discussions about the terms under which the FDIC-Receiver would be willing to agree to the coordination of pre-trial proceedings on the Objection with pre-trial proceedings in the FIRREA Action, which, if successful, would resolve the procedural dispute.  The Debtor and the FDIC-Receiver have also concurrently prepared and filed a joint report pursuant to the Court's Rule 26(f) Order in the FIRREA Action that is consistent with the position taken in this reply.

The Debtor reserves its right, subject to the Court's approval, to file a further reply or opposition to the Response should the FDIC-Receiver not agree to the terms of an acceptable coordination order.

Respectfully submitted, this 2nd day of July, 2010.

> C. Edward Dobbs
> (Ga. Bar No. 223450)
> E-mail: ced@phrd.com
>
> Rufus T. Dorsey, IV
> (Ga. Bar No. 226705)
> E-mail: rtd@phrd.com
>
> PARKER, HUDSON, RAINER & DOBBS LLP
> 1500 Marquis Two Tower
> 285 Peachtree Center Avenue, N.E.
> Atlanta, Georgia  30303
> Telephone No.:  (404) 523-5300
> Facsimile:  (404) 522-8409
>
>
> By: /s/ *Rufus T. Dorsey, IV*
>      Rufus T. Dorsey, IV
>
> Attorneys for Debtor and Debtor in Possession

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on July 2, 2010, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and will served by first class mail on the next day upon those counsel listed below:

DLA Piper LLP (US)
(Attn: Jeremy R. Johnson, Esq.;
Michael D. Hynes, Esq.;
Spencer Stiefel, Esq.;
Thomas R. Califano, Esq.)
1251 Avenue of the Americas
New York, NY 10020

*/s/ Rufus T. Dorsey, IV*
One of the Attorneys for Debtor,
The Colonial BancGroup, Inc.