UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

---------------------------------------------------------x
                                       :
In re                                  :         Chapter 11
                                       :
THE COLONIAL BANCGROUP, INC.,   :         Case No.  2:10-cv-00409-MHT-WC
                                       :         (Bankr. Case No. 09-32303 (DHW))
    Debtor.                           :
                                       :
---------------------------------------------------------x

**NOTICE OF JOINT FILING OF PROPOSED SCHEDULING ORDER**

       In accordance with the Court's order entered on July 12, 2010 [Doc. No. 23], The Colonial BancGroup, Inc., as debtor and debtor in possession (the "Debtor"), and the Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), jointly submit the attached proposed form of scheduling order in the above-referenced contested matter.

Respectfully submitted,

Dated:  July 23, 2010

| | |
|---|---|
| /s/ Rufus T. Dorsey, IV | /s/ Michael A. Fritz, Sr. |
| C. Edward Dobbs | Michael A. Fritz, Sr. |
| edobbs@phrd.com | michael@fritzandhughes.com |
| Rufus T. Dorsey, IV | Fritz & Hughes LLC |
| rtd@phrd.com | 7020 Fain Park Drive Suite 1 |
| Parker, Hudson, Rainier & Dobbs LLP | Montgomery, AL 36117 |
| 1500 Marquis Two Tower | (334) 215-4422 |
| Atlanta, Georgia  30303 | |
| (404) 523-5300 | - and - |
| | |
| Attorneys for The Colonial BancGroup, Inc., as debtor and debtor-in-possession | John. J. Clarke, Jr.<br>DLA Piper LLP (US)<br>1251 Avenue of the Americas<br>New York, New York  10020-1104<br>Telephone:    212-335-4500<br>Facsimile:     212-335-4501 |
| | Attorneys for the Federal Deposit Insurance Corporation,  as Receiver for Colonial Bank |

1595052_2

**CERTIFICATION FOR JOINT SUBMISSION**

Pursuant to Rule II.C.3 of this Court's Administrative Procedures, Attorney Rufus T. Dorsey, IV certifies that he has the express permission and agreement of counsel for the FDIC-Receiver to affix his respective electronic signature hereon.

Dated: July 23, 2010

  /s/ Rufus T. Dorsey, IV

Attorney for The Colonial BancGroup, Inc., as debtor and debtor-in-possession

```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

```
IN RE:                            )
                                  )       CIVIL ACTION NO.
THE COLONIAL BANCGROUP, INC.,     )       2:10cv409-MHT
                                  )
    Debtor.,                      )
```

UNIFORM SCHEDULING ORDER

Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted only in extraordinary and unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice,(both of which can be found at: http://www.almd.uscourts.gov/)to the extent applicable to this contested matter under applicable rules or this scheduling order.

Based on the submission of the parties and agreement of counsel, it is ORDERED as follows:

SECTION 1.  A pretrial conference is scheduled for the 16th day of June, 2011. This cause is set for trial during the term of court commencing on the 11th day of July, 2011.

SECTION 2.  Dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than 90 days prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to

where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

SECTION 3.  No later than 21 days after the dispositive motion deadline, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than FIVE (5) DAYS after this conference, counsel for the claimant shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

SECTION 4.  Motions to amend the pleadings and to add parties shall be filed by the claimant on or before October 15, 2010, and by the debtor on or before October 15, 2010.

SECTION 5.  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

SECTION 6.  All discovery shall be completed on or before April 22, 2011, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 8 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.

SECTION 7.  As to both this matter and the pending matter styled <u>The Colonial BancGroup, Inc. v. F.D.I.C., No.: 2:10-cv-0198-MHT-DHW</u>, parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee

of the party regularly involved giving expert testimony, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

    (a) Each party shall serve its expert reports and disclosures upon the other party on or before January 14, 2011; and

    (b) Each party shall serve rebuttal expert reports and disclosures upon the other party on or before February 15, 2011.

The parties shall comply fully with all requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure in regard to disclosure of expert testimony.

    SECTION 8. FORTY (40) DAYS BEFORE TRIAL, each party shall file a list of all its witnesses (and shall provide to all other parties, pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the addresses and telephone numbers of all such witnesses), except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under SECTION 7. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.

    SECTION 9. FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial. Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be

used solely for the purpose of impeachment. Except to the extent written objections are filed 14 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 7032 of the Federal Rules of Bankruptcy Procedure and Rule 32 of the Federal Rules of Civil Procedure (as incorporated by Rule 7032) is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

SECTION 10. FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial. <u>Proffering counsel shall have such evidence marked for identification prior to trial</u>. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed 14 days prior to the trial date, and shall set forth the grounds and legal authorities</u>. <u>The offering party shall file a written response to the objections no later than 7 days prior to trial and shall include a premarked copy of the evidence at issue</u>.

SECTION 11. Except to the extent of any conflict with the deadlines set out herein, the below stated discovery plan as proposed by the parties is adopted and incorporated herein.

> (A) Any discovery taken in this contested matter or in the civil action styled <u>The Colonial BancGroup, Inc. v. F.D.I.C.</u>, No.: 2:20-cv-0198-MHT-DHW, ("FIRREA Action") shall be available for use in both the contested matter and the FIRREA Action.

- 4 -

(B)  Notwithstanding the provisions of Rule 9014 of the Federal Rules of Bankruptcy Procedure, the provisions of Rule 26(a)(1), (2) and (3) of the Federal Rules of Civil Procedure shall be applicable to this contested matter.

(C)  The parties shall complete the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by September 21, 2010 based on the information then reasonably available to them and subject to the parties' right to supplement such disclosures based on newly discovered information.

(D)  Discovery shall commence on July 26, 2010;

(E)  Absent leave of the Court, the limits on the number of written interrogatories and depositions set forth in the discovery plan filed in the FIRREA Action and incorporated by reference in the Court's Scheduling Order entered in the FIRREA Action shall apply to this matter without increasing the aggregate numbers to which the parties have agreed. Interrogatories asking for an opinion or contention that relate to fact or the application of law to fact shall not be served earlier than November 1, 2010.

(F)  Requests for admission shall not be served earlier than November 1, 2010.

(G)  The limit on the duration of depositions by oral examination set forth in Rule 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30(d)(1)of the Federal Rules of Civil Procedure (as incorporated by Rule 7030) shall apply measured by time on the record as kept

- 5 -

       by the court reporter for the deposition.  In the absence of agreement among the parties to the contrary, the presumptive time limit shall include time required for examination of the witness by all parties including, where required, counsel for the witness.

- (H) Supplementation of disclosures and responses as required under Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(e) of the Federal Rules of Civil Procedure (as incorporated by Rule 7026) shall be completed by <u>May 23, 2011</u>.

SECTION 12: GENERAL PROVISIONS:

- (A) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."
- (B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.
- (C) Any proposed order that a party desires the court to enter should be submitted to the court (i) in an Adobe Acrobat PDF format attachment to the motion and (ii) by

        transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to: <propord_thompson@almd.uscourts.gov>. For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format. If the proposed order relates to discovery matters (e. g., a HIPAA order or protective order), an electronic copy of the proposed order should be sent to the e-mail address of the assigned Bankruptcy Judge.

(D) If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this order is modified by subsequent order of the court, the provisions hereinabove set out are binding on the parties .

(E) This Order is without prejudice to the rights of either party to seek or oppose the temporary allowance of any claim pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure.

DONE, this the __th day of July, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that mediation is completely voluntary and confidential. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and at the same time permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting, the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process, the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often, an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not more than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference, counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances, the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a non-judicial mediator will not be

assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. At any time while a case is pending, the parties may seek assistance in settling their dispute through mediation.

NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE TO EXERCISE JURISDICTION AND APPEAL OPTION

In accordance with the provisions of Title 28, U.S.C. 636(c), and Fed. R. Civ. P. 73, you are hereby notified that a United States Magistrate Judge of this district court is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference" are available from the clerk of the court.

It is the responsibility of defense counsel to forward this form to the plaintiff or plaintiff's counsel if the defendant elects to consent to proceed before a United States Magistrate Judge. If plaintiff elects to proceed then, and only then, should the form be filed with the clerk's office.